## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JUDY PARK, on behalf of herself and all others similarly situated, <br><br>      Plaintiff, <br><br> vs <br><br> ALLIANT CAPITAL MANAGEMENT, LLC, <br><br>      Defendant. | Case No. <br><br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff JUDY PARK ("Plaintiff"), individually and on behalf of all others similarly situated (the "Classes," as defined below), upon personal knowledge as to the facts pertaining to herself and upon information and belief as to all other matters, and based on the investigation of counsel, brings this class action against Defendant, ALLIANT CAPITAL MANAGEMENT, LLC ("ALLIANT" or "Defendant") for statutory damages and injunctive relief, demands a trial by jury, and alleges as follows:

## NATURE OF THE ACTION

1.      This is a class action brought under the Telephone Consumer Protection Act of 1991, 47 U.S.C. 227 *et seq.* ("TCPA"),  the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection

Practices Act, Fla. Stat. § 559.55, *et seq*. ("FCCPA"), for the benefit of consumers whose rights have been violated by Defendant.

2.      Defendant has engaged in and continues to engage in two separate courses of conduct that violate the TCPA, FDCPA and FCCPA. *First*, Defendant or its agents initiated a debt collection text messaging campaign using an "automatic telephone dialing system" ("ATDS") as defined by the TCPA  to deliver impersonal, prewritten debt collection text messages to Plaintiff's and Class members' wireless telephone numbers without their prior express consent, even after ignoring demands to stop sending such text messages. That conduct violates the TCPA, 47 U.S.C. §227(b)(1)(A).

3.      *Second,* Defendant or its agents attempted to collect a debt from Plaintiff and the Class Members by alleging the existence of an obligation to pay despite the fact that the Plaintiff and Class Members never had an account with Defendant and owed no debt to Defendant. This conduct violates sections 1692(d)-(e) of the FDCPA, and section 559.72(9) of the FCCPA.

4.      Plaintiff and the Classes were injured as a direct and proximate result of Defendant's violations of the TCPA, FDCPA and FCCPA.

2

5.     Plaintiff brings this action for injunctive relief and statutory damages resulting from Defendant's actions in violation of the TCPA, FDCPA and FCCPA, and to permanently enjoin Defendant's statutory violations.

6.     Because Defendant's conduct in violation of the TCPA was and is knowing and willful, Plaintiff and the Classes are entitled to treble damages of up to $1,500 for each violation of the TCPA.

## THE PARTIES

7.     Judy Park ("Plaintiff") is a natural person who at all relevant times resided in Palm Beach County, Florida.

8.     Plaintiff is allegedly obligated to pay a debt asserted to be owed or due to the Defendant.

9.     Plaintiff's alleged obligation asserted to be owed or due to Defendant arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

10.     At all material times, Plaintiff is and was a "debtor" and/or "consumer" as defined by Fla. Stat. § 559.55(8) and 15 U.S.C. § 1692a(3).

3

11.     Defendant is and was at all material times a foreign limited liability company that was authorized to conduct business in state of Florida, but with its principal place of business located in Buffalo, N.Y.

12.     Defendant operated at all material times as a third-party debt collection agency, the principal purpose of which is to collects or attempt to collect—directly or indirectly—debts owed or due to another, or asserted to be owed or due to another.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

14.     As a corporation, Defendant is a "person" subject to the FCCPA. *See, e.g.*, *Kelly v. Davis*, No. 3:10CV392-MW/EMT, 2014 WL 12515345, at *8 (N.D. Fla. July 17, 2014) ("The Town Council is a corporation, and is therefore a 'person' subject to the FCCPA.").

15.     Defendant is a for-profit and non-charitable entity that is authorized by the Florida Secretary of State to do business in Florida and maintains a registered agent for service of process in Florida.

16.     At all material times herein, Defendant acted directly, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers, and insurers.

4

17.    All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## JURISDICTION AND VENUE

16.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331, as the claims asserted under 47 U.S.C. §§ 227 present a federal question, and has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

17.    This matter in controversy exceeds $5,000,000.00, as each member of the proposed TCPA Class is entitled to between $500.00 and $1,500.00 in statutory damages for each violation of the TCPA. Further, Plaintiff's alleged Classes include at least one Class member belonging to a different state. Therefore, the elements of subject matter jurisdiction pursuant to 28 U.S.C. §1332(d) and the Class Action Fairness Act ("CAFA") are present.

18.    Venue is proper in this District under 28 U.S.C. §1391, as it is the judicial district in which a substantial portion of the conduct that gives rise to the claims asserted herein occurred.

## PERSONAL JURISDICTION

19.    This Court possesses specific personal jurisdiction over Defendant as a result of its acts within this District that violate the TCPA, FDCPA and FCCPA.

20.     Defendant maintains sufficient minimum contacts with this District, has purposefully availed itself of the privilege of doing business in this District, maintains a registered agent in Florida and possesses such a significant and continuous presence in this District such as to be subject to the personal jurisdiction of this Court.

21.     In addition, Plaintiff's and the Florida Class members' injuries alleged in this action arise from Defendant's business of collecting consumer debts in Florida, and result from Defendant's tortious conduct in violation of the TCPA, FDCPA and the FCCPA within Florida. Defendant directed its conduct to have intended effects within Florida.

### THE TELEPHONE CONSUMER PROTECTION ACT

22.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA vests the FCC with authority to issue regulations implementing the TCPA.[1]

23.     Section 227(b)(1)(A) of the TCPA makes it unlawful for any person to initiate a call to a wireless telephone phone number using an automatic telephone dialing system ("ATDS") or prerecorded message, without the called party's prior

---

[1]     *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order (July 3, 2003).

express consent.

24.     The TCPA's statutory restrictions under § 227(b)(1)(a)(iii) apply equally to the transmission of text messages, which fall within the definition of a "call" under the TCPA.

## The FDCPA and FCCPA

25.     The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy.[2]

26.     The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector— who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts.[3]

27.     Specifically, the FDCPA and FCCPA prohibit unlawful debt collection

---

[2] *See* 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5)
[3] *See* 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

"communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*" (emphasis added).[4]

28.    Section 559.72(9) of the FCCPA makes it unlawful for a person to collect or attempt to collect consumer debts by, among other things, claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist. *See* Fla. Stat. § 559.72(9)

29.    Section 1692e of the FDCPA makes it unlawful for a debt collector to use any false, deceptive, or misleading representations or means in connection with the collection of any debt, including but not limited to falsely representing the character, amount, or legal status of any debt. *See* 15 U.S.C. 1692e(2). Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt, including but not limited to attempting to collect any amount (including any interest, fee, charge, or incidental expense) if not expressly authorized by the agreement creating the debt or permitted by law. *See* 15 U.S.C. 1692f(1). Finally, section 1692d, known as the FDCPA's "catch-all" provision, broadly prohibits debt collectors from engaging in any conduct that would

---

[4] *See* 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2).

have the natural consequence of harassing, oppressing, or abusing any person in connection with the collection of a debt. *See* 15 U.S.C. 1692d.[5]

## STATEMENT OF FACTS

30.    DEFENDANT advertises itself as a third-party debt collection agency.

31.    Plaintiff is the owner, regular user and subscriber of wireless telephone number (904) 431-9677.

32.    Plaintiff has never had an account with Defendant.

33.    In 2021, DEFENDANT began transmitting automated, impersonal, prewritten text messages to Plaintiff's cellular telephone number from the long code SMS number 872-270-4845. Each of the text messages sent by Defendant were identical in content, stating as follows:

> This is an important message from Alliant Capital Management LLC. Please call (833) 680-1024 or visit https://alliantcapital.easywebdocs.com/. This communication is from a debt collector. Please reply STOP to cease receiving further text messages

34.    After receiving Defendant's first text message, Plaintiff promptly replied by sending the word "STOP" as designated by Defendant in order to cease receiving further text messages. Almost immediately after sending the designated

---

[5] *See Penny v. Williams & Fudge, Inc.*, 840 F.Supp.2d 1314 (M.D. Fla. 2012) (FDCPA's "catch all provision was purposely broadly drawn" to "enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

"STOP" message, Plaintiff received an automated follow-up text message from Defendant confirming receipt of Plaintiff's request to cease receiving further text messages.

35.    Despite Plaintiff having sent the designated "STOP" request, Defendant proceeded undeterred with its campaign of sending prewritten, impersonal automated text messages to Plaintiff's cellular telephone number.

36.    In total, Defendant sent more than ten (10) automated prewritten text messages to Plaintiff's cellular telephone within the past four years, even after Plaintiff instructed Defendant in writing to stop sending text messages, using the method designated by Defendant. These text messages were annoying to Plaintiff and disturbed her privacy.

37.    Defendant sent each of the offending text messages to Plaintiff from the long code SMS number 872-270-4845, which was shown on Plaintiff's caller ID.

38.    The ATDS used by Defendant to send the offending debt collection text messages has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. Specifically, the dialing system consists of software and hardware equipment used in tandem, including a server component which has the built-in functionality to generate random and/or sequential number tables and automatically dial the numbers

populated within those tables. It therefore has the requisite *capacity* to perform the statutory functions of an ATDS.

39.     Additionally, the dialing system used by Defendant automatically selects and dials the telephone numbers that are included in a given text messaging campaign, including the telephone numbers to which the text messages at issue were sent.

40.     Defendant never had consent to send the automated text messages at issue to Plaintiff's aforementioned cellular telephone number, as Plaintiff had no business relationship with Defendant, never had an account with Defendant, did not owe a debt to Defendant, and did not otherwise provide Defendant with the requisite prior express consent. Rather, upon information and belief, Defendant was intending to communicate with an entirely different person when it sent the text messages at issue to Plaintiff's cellular telephone number.

41.     Moreover, even if Defendant mistakenly believed it initially had the requisite prior express consent to send automated text messages to Plaintiff's cellular telephone number, that consent was unambiguously revoked when Plaintiff replied to Defendant's text message by sending the designated "STOP" command.

42.     Each of the text messages sent by Defendant to Plaintiff's cellular telephone number were automated messages consisting of impersonal, prewritten

scripts. These impersonal, prewritten messages were not subject to dialogue or questioning, and were not from a "live" person. These messages were sent to Plaintiff and others for the purpose of attempting to collect debts alleged to be owed and past due.

43.    Defendant is liable to Plaintiff and the Classes she represents for violations of the TCPA, FDCPA and FCCPA, which violations directly and proximately caused Plaintiff and the Classes injury and damages.

<b><u>CLASS ACTION ALLEGATIONS</u></b>

44.    Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) on her own behalf and behalf of the following Classes of similarly-situated persons defined as follows:

1.  **<u>National TCPA Class</u>:** All wireless telephone subscribers in the United States who from May 31, 2018 to the present (the "Class Period") were sent a text message by Defendant to their cellular telephone number, without their prior express consent.

2. **<u>National FDCPA Class</u>:** All persons in the United States who from May 31, 2021 to the present (the "Class Period") (1) received debt collection text messages from Defendant or its agent within any twelve month period, and (2) did not owe a debt to Defendant when the person received the debt collection text message from Defendant.

3. **<u>Florida FCCPA Class</u>**: All persons in the state of Florida who from May 31, 2020 to the present (the "Class Period") (1) received debt collection text messages from Defendant or its agent within any twenty-four month period, and (2) did not owe a debt to Defendant when the person received the debt collection text message from

Defendant.

Excluded from the Classes are persons who provided prior express consent to receive text messages from Defendant, unless that prior express consent had been revoked. Further excluded are Defendant and its subsidiary(ies), officers, directors, employees, partners and co-venturers. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of her/her immediate family and judicial staff, and any juror assigned to this action.

45.    The Classes satisfy the FED. R. CIV. P. 23 numerosity, commonality, typicality, adequacy, predominance, superiority and ascertainability requirements.

46.    Plaintiff does not know the exact size or identities of the members of the proposed Class, since such information is in the exclusive control of Defendant and its agents.  However, Plaintiff reasonably believes that the Classes encompass at minimum many thousands of consumers.

47.    Plaintiff and all members of the Classes have been harmed by the unlawful acts of Defendant. Plaintiff's and the Classes' privacy was violated and they were subject to annoying and harassing text messages.

48.    The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim. The disposition of the

claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The identities of the Class members can be readily ascertained from Defendant and its agents' call records.

    49.   There are well-defined, nearly identical, questions of law and fact affecting all parties. Common question of law and fact raised in this action concerning the Classes' claims include the following:

(a)   Whether the text messages sent by Defendant to Plaintiff, and members of the Classes' cellular telephone numbers, were transmitted using an Automatic Telephone Dialing System ("ATDS") or constituted prerecorded messages within the meaning of 47 U.S.C. §227(b)(1)(A);

(b)   Whether the text messages were sent by Defendant for an emergency purpose;

(c)   Whether Defendant violated the TCPA;

(d)   Whether Defendant violated the FDCPA;

(e)   Whether Defendant violated the FCCPA;

(f)   Whether Plaintiff and the Classes are entitled to damages, declaratory relief and/or injunctive relief as a result of Defendant's violations of the TCPA, FDCPA and the FCCPA; and

(g)   Whether Defendant's conduct was knowing or willful.

50.   Plaintiff asserts claims that are typical of each member of the Classes.

51.   Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained able counsel with extensive experience in prosecuting class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA, FDCPA and FCCPA. Plaintiff's interests are coincident with, and not antagonistic to, the interests of the Classes.

52.   The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual Class members, including legal and factual issues relating to liability and damages.

53.   The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

54.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. Since the damages, or statutory damages, suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class

individually to redress the wrongs done to them. The Classes are readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. Plaintiff will encounter no difficulty in managing this action as a class action.

55.     Defendant has acted and refused to act, as alleged herein, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief to the Classes. Moreover, the statutory violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I

### VIOLATION OF THE TCPA

### (ON BEHALF OF PLAINTIFF AND THE NATIONAL TCPA CLASS)

56.     Plaintiff restates, realleges, and incorporates by reference the allegations in paragraphs 1 through 55, above, as if fully set forth herein.

57.     Plaintiff and the members of the National TCPA Class are "persons" and "called part[ies]" under the TCPA.

58.     Section 227(b)(1)(A) of the TCPA prohibits, in relevant part, the following acts:

> [T]o make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice

… to any telephone number assigned to a paging service, cellular telephone service[.]

47 U.S.C. §227(b)(1)(A)(iii).

59.    Defendant initiated each of the text messages to Plaintiff and the members of the National TCPA Class without obtaining their "prior express consent" as defined by the TCPA.

60.    Additionally, Defendant, or its agents, sent an automated pre-written text message to Plaintiff's wireless telephone number on multiple occasions that persisted for an unreasonable period of time even after Plaintiff demanded that Defendant stop sending messages, thereby revoking any consent Defendant may have mistakenly believed it had, and after Defendant acknowledged receipt of Plaintiff's request to cease receiving text messages.

61.    The foregoing acts and omissions of Defendant, or its agents acting on its behalf, with respect to Plaintiff and the National TCPA Class violated the TCPA, including but not limited to Section 227(b)(1)(A).

62.    The text messages sent by Defendant, or its agents, to Plaintiff and the National TCPA Class were made for commercial purposes, and not emergency purposes.

63.     Each of the text messages sent to Plaintiff's and the National TCPA Class members' wireless telephone numbers were transmitted using an ATDS and/or constituted a pre-recorded message within the meaning of 47 U.S.C. §227(b)(1)(A).

64.     Plaintiff and the National TCPA Class are entitled to pursue claims against Defendant during the Class Period for an injunction pursuant to 47 U.S.C. §227(b)(3)(A), to enjoin Defendant's violations of TCPA § 227(b)(1)(A). Plaintiff and the National TCPA Class seek to enjoin Defendant's violations of the TCPA.

65.     Plaintiff and the National TCPA Class are entitled to pursue a private right of action under 47 U.S.C. § 227(b)(3)(for an award of statutory damages in the amount of $500.00 for each violation by Defendant of 47 U.S.C § 227(b)(1)(A). To the extent Defendant's violations of § 227(b)(1)(A) of the TCPA were willful or knowing, Plaintiff and the National TCPA Class are entitled to an award of up to $1,500.00 for each violation. 47 U.S.C. § 227(b)(3)(C).

66.     Plaintiff and the National TCPA Class are also entitled to an award of attorneys' fees and costs on an equitable basis to be paid through a "common fund," or similar theory.

## COUNT II

### VIOLATIONS OF THE FDCPA

### (ON BEHALF OF PLAINTIFF AND THE NATIONAL FDCPA CLASS)

67.   Plaintiff restates, realleges, and incorporates by reference the allegations in paragraphs 1 through 55, above, as if fully set forth herein.

68.   Section 1692e of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt" including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

69.   Defendant violated section 1692e of the FDCPA by sending communications to Plaintiff and the National FDCPA Class members asserting the existence of an obligation to pay a debt despite the fact that Plaintiff and the National FDCPA Class members did not owe a debt to Defendant or any party on whose behalf Defendant was attempting to collect a debt. As such, the amounts Defendant was attempting to collect when it made the subject communications was not authorized to be collected from Plaintiff and the FDCPA Class Members under the agreements creating the debts or by operation of law.

70.    At no material time did a contract or agreement exist that legally authorized Defendant to collect a debt from Plaintiff or the members of the National FDCPA Class.

71.    At no material time was Defendant permitted by operation of law to collect a debt from Plaintiff or the members of the National FDCPA Class.

72.    As a direct and proximate result of Defendant's actions in violation of the FDCPA, Plaintiff and the members of the National FDCPA Class sustained damages as defined by 15 U.S.C. § 1692k.

73.    Pursuant to 15 U.S.C. § 1692k(a)(2), Plaintiff and the members of the National FDCPA Class are entitled to recover statutory damages in an amount to be established at trial, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

74.    Additionally, Plaintiff and the National FDCPA Class are entitled to an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), or on an equitable basis to be paid through a "common fund" or similar theory.

## COUNT III

### VIOLATIONS OF THE FCCPA

### (ON BEHALF OF PLAINTIFF AND THE FLORIDA FCCPA CLASS)

75.   Plaintiff restates, realleges, and incorporates by reference the allegations in paragraphs 1 through 55, above, as if fully set forth herein.

76.   Plaintiff, and members of the Florida FCCPA Class, are "consumers" as that term is defined by Fla. Stat. § 559.55(8).

77.   Defendant is a "person" as that term is defined by Fla. Stat. § 559.55(5).

78.   Defendant violated Fla. Stat. § 559.72(9), by sending communications to Plaintiff and Florida FCCPA Class members asserting the existence of an obligation to pay a debt despite the fact that Plaintiff and the Florida FCCPA Class members did not owe a debt to Defendant or any party on whose behalf Defendant was attempting to collect a debt.

79.   Pursuant to Fla. Stat. § 559.77(2), Plaintiff and the members of the Florida FCCPA Class are entitled to recover up to $1,000 in statutory damages for each named plaintiff and an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the Defendant's net worth for all remaining class members.

80.     Additionally, Plaintiff and the Florida FCCPA Class are entitled to an award of attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), or on an equitable basis to be paid through a "common fund" or similar theory.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, pray for judgment against DEFENDANT as follows:

A.      An order certifying this case as a class action under FED. R. CIV. P. 23(a), (b)(2) and (b)(3), establishing the Classes as the Court deems appropriate, and appointing Plaintiff and her counsel to represent the Classes;

B.      An order declaring that DEFENDANT's, or its agents', acts and practices violate the TCPA, FDCPA and the FCCPA;

C.      Statutory damages pursuant to the TCPA of $500.00 for each violation of the TCPA, and up to $1,500.00 for each of DEFENDANT' or its agents' willful and/or knowing violations of the TCPA, as provided by statute;

D.      Statutory damages pursuant to the FDCPA in an amount to be established at trial, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector;

E.      Statutory damages pursuant to the FCCPA of up to $1,000 for each named Plaintiff and an aggregate award of additional statutory damages up to the

lesser of $500,000 or 1 percent of the Defendant's net worth for all remaining class members;

F.     A permanent injunction to enjoin future violations of the TCPA by DEFENDANT and its agents; and

G.     Reasonable attorneys' fees and costs of this action, statutory pre-judgment interest, and such other further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury to the extent authorized by law.

**MANEY | GORDON**

*/s/David P. Mitchell*
David P. Mitchell, Esquire
Florida Bar No. 067249
Maney & Gordon, P.A.
101 East Kennedy Blvd.,
17th Floor, Suite 1700
Tampa, Florida 33602
Tel: (813) 221-1366
Fax: (813) 223-5920
d.mitchell@maneygordon.com

*and*

**CONSUMER LAW ATTORNEYS CORP.**

Christopher Hixson, Esquire

Florida Bar No. 41158
2727 Ulmerton Rd., Ste. 270
Clearwater, FL 33762
Phone: (877) 241-2200
chixson@consumerlawattorneys.com
federalservice@consumerlawattorneys.com

***Attorneys for Plaintiff***
***and proposed Class Counsel***